## GRAVES v. COOPER.  (No. 7364.)

(Court of Civil Appeals of Texas.  San Antonio.  May 13, 1925.  Rehearing Denied May 27, 1925.)

1. **Appeal and error** ⟜1010(1)—**Judgment of trial court not interfered with when supported by sufficient uncontroverted evidence.**

Where the Court of Civil Appeals believes there is sufficient uncontroverted evidence to support it, the judgment of the trial court will not be interfered with.

2. **Appeal and error** ⟜989—**Appellate court must examine entire record for error when trial court instructs verdict.**

Where the trial court instructs a verdict, the duty is imposed upon appellate courts to examine the entire record for error, if any.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Josephine V. Cooper against Frank R. Graves.  From a judgment in favor of the plaintiff defendant appeals.  Affirmed.

Ocie Speer, of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellee.

COBBS, J.  Josephine V. Cooper sued Frank R. Graves in the district court of Tarrant county for the Sixty-Seventh district, to recover the sum of $1,250, alleging that the defendant had fraudulently conspired with her former husband, A. W. Cooper, and with J. M. Leonard, to sell certain community property of herself and husband to the said J. M. Leonard, and to defraud the plaintiff out of her share or portion thereof, and that, in pursuance of said conspiracy, the defendant, Frank R. Graves, acting under a power of attorney from her, did sell said property to the said Leonard for the sum of $12,750, but that the defendant wrongfully retained the sum of $1,250 of such proceeds without her knowledge or consent and appropriated the same to his own use and benefit.  She alleged that, if her husband in anywise authorized the defendant to retain said sum, it was as a result of the fraud and conspiracy between them to cheat and wrong her out of her interest in said property.  By the amended pleading, upon which the case was tried, the plaintiff alleged that she had made a settlement with the defendant Leonard, and she sought to recover the said $1,250 as against the defendant, Frank R. Graves, only.

The defendant, Graves, answered, pleading want of necessary parties, and further by trial amendment he pleaded that the $1,000 (being the $1,250 sued for less $250 commissions not in dispute) was retained by him out of the proceeds of said sale under a contract and agreement with plaintiff's husband,

A. W. Cooper, and under such contract and agreement applied by him to the payment of certain community expenses and attorney's fees in connection with his employment as attorney by the said A. W. Cooper; such expenditures being fully itemized in the trial amendment.  The case was tried before a jury, but the court summarily directed a verdict for the plaintiff, upon which judgment was entered in the sum of $300.

The first assignment complains of the action of the trial court in instructing a verdict in favor of appellee for $300.

[1] We have carefully considered all the assignments and propositions, but, believing there is sufficient uncontroverted evidence to support the judgment, it will not be interfered with.  No useful purpose can be accomplished in this peculiar and unparalleled case by a separate discussion of the many assignments and propositions presented, for they, all involve the consideration of facts which not only support the judgment, but clearly show that substantial justice has been administered.

[2] We know that when the court instructs a verdict the duty is imposed upon appellate courts to examine the entire record for error, if any.  This burden has been met, and, finding no error that would require a reversal, but, on the contrary, that justice has been fairly administered, the judgment of the trial court is affirmed.